MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

KATHRYN HAUN (DCBN 484131)
Assistant United States Attorney
   450 Golden Gate Ave., Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7200
   Fax: (415) 436-7234
   E-Mail: Kathryn.haun@usdoj.gov

Attorney for United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 11-331-MMC |
| Plaintiff, | **UNITED STATES' MOTION FOR FINDING OF LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND ~~PROPOSED~~ ORDER** |
| v. | |
| PETE AGAPITO CHAVEZ, | |
| Defendant. | Courtroom: Hon. Maxine M. Chesney<br>Date: May 16, 2012 2:15 pm |

Following last week's hearing on the defendant's motion to withdraw the guilty pleas he entered last year, the government has conferred with former defense counsel, Mr. Steven Kalar. Understandably, Mr. Kalar is not in a position to willingly submit a declaration as to what discussions he may have had with the defendant about a motion to suppress prior to the defendant entering his guilty pleas. Mr. Kalar did, however, indicate that he would provide testimony on the question if: (1) served with a subpoena by either party, <u>and</u> (2) the Court made a finding in relation to that question that the attorney-client privilege had been waived.

The government has conferred with Mr. Kalar and subpoenaed him to provide testimony at the hearing scheduled for May 16, 2012 at 2:15 p.m. Mr. Kalar is available to provide testimony

MOT. FOR FINDING OF LIMITED WAIVER
11-331-MMC

on that date and time[1] in the event the Court finds that there has been a waiver of the attorney-client privilege as to the topic at hand. Given the privilege issue, the government files the instant Motion for Finding of a Limited Waiver of the Attorney-Client Privilege and Proposed Order, and seeks to have the Court find that the defendant has waived the attorney-client privilege with Mr. Kalar as it pertains to any discussions between the defendant and Mr. Kalar concerning the basis for a motion to suppress prior to the entry of the defendant's guilty pleas. As explained below, because the defendant effectively asserts Mr. Kalar was ineffective, all information to and from Mr. Kalar relevant to these alleged acts or omissions is discoverable such that the Court should make a finding of a limited waiver of the attorney-client privilege.

Defendant Chavez has filed a Declaration in Support of his Motion to Withdraw his pleas that stated, inter alia, "I was not advised, at the time I entered a plea of guilty, of the legal basis for the potential suppression motion. In fact my lawyer told me that the SFPD searches were legal. He also told me that the officers' lies simply did not matter." See Chavez Declaration at ¶ 6. Effectively, the defendant is claiming that Mr. Kalar provided him ineffective assistance of counsel by failing to advise him of the legal basis for a potential suppression motion prior to recommending that he enter pleas of guilty before this Court such that his guilty pleas were not knowing and voluntary. As such, defendant has put his communications on this topic with Mr. Kalar squarely at issue. Defendant has therefore waived his attorney-client privilege concerning all communications with Mr. Kalar relevant to defendant's claim that Mr. Kalar did not advise him prior to the entry of the defendant's guilty pleas of any legal basis for a potential suppression motion. Defendant may not now effectively "muzzle" Mr. Kalar by asserting the attorney-client privilege and prevent the government and the Court from learning all information and steps Mr. Kalar took concerning this issue, so that the professional conduct of Mr. Kalar can be fully and fairly examined on the alleged acts and omissions.

---

[1] Mr. Kalar is available anytime on May 16, 2012 from 12 noon until 5:00 p.m. but needs to conclude no later than 5:00 p.m. on May 16, 2012. If government counsel understands correctly, Mr. Kalar has conflicts the next few Wednesdays following May 16, 2012 (as does government counsel). Thus, it is requested that the hearing currently scheduled for May 16, 2012 proceed, and the government anticipates eliciting very brief testimony from Mr. Kalar.

MOT. FOR FINDING OF LIMITED WAIVER
11-331-MMC

Ninth Circuit caselaw arising in the context of 2255 petitions alleging ineffective assistance of counsel is instructive.[2] When a Section 2255 petition asserts ineffective assistance of counsel, the normal attorney-client privilege for all communications on the subject of the alleged ineffective assistance is waived. See, e.g. Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives attorney-client privilege as to all communications with his allegedly ineffective lawyer."). The Ninth Circuit's decision in Bittaker made clear that a court must impose a waiver no broader than needed to ensure the "fairness of the proceedings before it . . . [such that] [c]ourts, including ours, that have imposed waivers under the fairness principle have therefore closely tailored the scope of the waiver to the needs of the opposing party in litigating the claim in question." Bittaker, 331 F.3d at 720-721 (citing Kerr v. United States District Court, 426 U.S. 394, 405 (1976)). The Ninth Circuit's decision in Bittaker also relied on that Court's prior decision in United States v. Amlani, 169 F.3d 1189, 1196 (9th Cir. 1999), which held that "only those documents or portions of documents relating to the [claim asserted by the client] [should be] disclosed."

In this case, the defendant claims that Mr. Kalar did not discuss with him the legal bases, to the extent any existed, for a potential motion to suppress before recommending the defendant accept the government's plea offer and enter pleas of guilty. The issue is therefore relatively narrow, and thus, the scope of the waiver the government seeks is correspondingly narrow. The government should be entitled to elicit, and the Court entitled to know in order to rule on the defendant's motion to withdraw, (1) all the facts that might plausibly show the decision to recommend pleas of guilty without the filing a Motion to Suppress was a reasonable strategy, as well as (2) whether Mr. Kalar discussed with the defendant possible bases for a Motion to Suppress. The government is entitled to a fair opportunity to learn the true facts so as to show that Mr. Kalar acted reasonably in the circumstances – it should not be required to acquiesce in

---

[2] As is Judge Alsup's Order in United States v. Paiz, (06 CR 710 WHA) (issued December 23, 2010 as Docket No. 435) (ordering limited waiver of the attorney-client privilege vis-a-vis prior defense counsel where defendant asserted ineffective assistance of counsel).

defendant's unilateral pronouncement that Mr. Kalar failed to advised him of the legal basis for a motion to suppress while at the same time hiding behind the shield of the attorney-client privilege. To the extent there is more to the story, the government and the Court are entitled to know about it since the defendant has placed it squarely at issue.

The government therefore respectfully urges the Court to find a limited waiver of the attorney-client privilege between the defendant and Mr. Kalar on the topic discussed above, and to issue the Proposed Order after hearing from defense counsel on the matter at the outset of the hearing on May 16, 2012.

DATED: May 14, 2012

Respectfully submitted,

MELINDA HAAG
United States Attorney

/s/
KATHRYN HAUN
Assistant United States Attorney

### ~~PROPOSED~~ ORDER

For the reasons stated in the government's Motion for a Finding of Limited Waiver of the Attorney-Client Privilege, and those adduced at the hearing on May 16, 2012, it is hereby ORDERED that

(1) the defendant has waived the attorney-client privilege between himself and Mr. Kalar in connection with the above-captioned case on the limited topic of a potential motion to suppress and entry of guilty pleas in the absence of filing such a motion;

(2) Mr. Kalar shall answer questions related to any advice he provided to the defendant concerning the limited topic of a potential motion to suppress prior to the defendant entering pleas of guilty in this case.

Date: May 16, 2012

HON. MAXINE M. CHESNEY
United States District Court Judge