IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-0331 MMC |
| Plaintiff, | **ORDER DENYING MOTION TO MODIFY TERM OF IMPRISONMENT** |
| v. | |
| SANTIAGO HERNANDEZ, | |
| Defendant. | |

Before the Court is the "Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(C)(2) Citing Amendment 750 to the U.S. Sentencing Guidelines," filed August 27, 2012 by defendant Santiago Hernandez ("Hernandez"). Having read and considered the motion, the Court rules as follows.

On July 20, 2011, Hernandez pleaded guilty to conspiracy to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c). On October 5, 2011, Hernandez was sentenced to a term of 120 months pursuant to a plea agreement. In the plea agreement, Hernandez waived any right to file a motion under 18 U.S.C. § 3582 (see Plea Agreement, 4 at 8-11). Even if Hernandez had not waived his right to so move, however, the motion, as discussed below, is unavailing.

Although, as Hernandez notes, the sentencing guidelines and statutory penalties for

trafficking in cocaine base have changed, a term of 120 months remains the statutory minimum for conspiracy to distribute 280 grams or more of cocaine base. See 21 U.S.C. §§ 841(b)(1)(A)(iii), 846. The Court may not impose a sentence that is shorter than the statutory minimum. See United States v. Sykes, 658 F.3d 1140, 1146 (9th Cir. 2011) ("A retroactive amendment to the Guidelines cannot reduce a sentence below the statutory minimum term.").

Accordingly, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: September 11, 2012

_____
MAXINE M. CHESNEY
United States District Judge